**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Case No. 12-cv-1291-WJM-BNB

UNITED STATES OF AMERICA For the Use and Benefit of VOLVO CONSTRUCTION EQUIPMENT RENTS, INC.,

    Plaintiff,

v.

WATTS CONSTRUCTORS, LLC,
THE WEITZ COMPANY, LLC,
STRONG STRUCTURAL STEEL, LTD.,
K & S ERECTORS, LLC,
FEDERAL INSURANCE COMPANY, and
FIDELITY AND DEPOSIT COMPANY OF MARYLAND

    Defendants.

---

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

---

Before the Court is Plaintiff Volvo Construction Equipment Rents, Inc.'s ("Plaintiff") Motion for Default Judgment against K & S Erectors, Inc. ("Motion"). (ECF No. 22.) For the reasons set forth below, the Motion is granted.

## I.  LEGAL STANDARD

Default must enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a). Pursuant to Rule 55(b)(1), default judgment must be entered by the clerk of court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that

instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (internal quotation marks and citation omitted).

Further, "a party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (internal citation omitted). Before granting a motion for default judgment, the Court must take several steps. First, the Court must ensure that it has personal jurisdiction over the defaulting Defendants and subject matter over the action. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). Next, the Court should consider whether the well-pleaded allegations of fact—which are admitted by Defendants upon default—support a judgment on the claims against the defaulting Defendants. *See Federal Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, *3 (D. Colo. March 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment.") (citations omitted).

Once the Court is satisfied that default judgment should be entered, it has the discretion to hold a hearing to determine the amount of damages. *See* Fed. R. Civ. Pro. 55(b)(2). Generally, a damages hearing is not needed when the damages requested are for a sum certain. *See United States v. Craighead*, 176 F. App'x 922, 925 (10th Cir. 2006).

## II.  BACKGROUND

On May 17, 2012, Plaintiff Volvo Construction Equipments Rents, Inc. ("Plaintiff") filed this action pursuant to the Miller Act, 40 U.S.C. § 3131.  (ECF No. 1.)  On July 13, 2012, Plaintiff moved to dismiss its claims against all Defendants other than K & S Erectors, LLC.  (ECF No. 16.)  The Court granted the Motion. (ECF No. 18.)  Accordingly, the only remaining Defendant in this case is K & S Erectors, Inc. ("Defendant").

Plaintiff's Complaint brings the follow claims against Defendant: (1) Breach of Contract; (2) Breach of Implied Contract; and (3) Unjust Enrichment.  (ECF No. 1 ¶¶ 21-37.)  The claims arise out of a leasing agreement ("Agreement") entered into by Plaintiff and Defendant on May 11, 2010.  (*Id*. ¶ 12.)  Under the terms of this Agreement, Plaintiff leased equipment to Defendant. (*Id*. ¶ 17.)  Plaintiff alleges that Defendant has not paid the amounts required under the Agreement.  (*Id*. ¶ 19.)

Defendant was served with a copy of the Complaint on June 19, 2012.  (ECF No. 22-1.)  After Defendant failed to answer or otherwise defend against this action, upon Plaintiff's Motion, the Clerk entered default against Defendant.  (ECF Nos. 23 & 24.)  Plaintiff filed its Motion for Default Judgment on August 23, 2012.  (ECF No. 22.)

The Court has reviewed the motion, the exhibits and affidavits, and the applicable law, and is sufficiently advised on the issues involved.

## III.  ANALYSIS

### A.    Jurisdiction

Plaintiff's Complaint alleges that this Court has jurisdiction over this action

pursuant to the Miller Act, 40 U.S.C. § 3131(c)(3)(B) and 28 U.S.C. §§ 1345 and 1352. (ECF No. 1 ¶ 8.) Having reviewed these provisions, the Court is satisfied that it has personal jurisdiction over Defendant and subject matter jurisdiction over this action.

**B. Plaintiff's Claims**

Plaintiff alleges that Defendant breached the Agreement by failing to pay the amounts owed for the equipment loaned by Plaintiff to Defendant. (ECF No. 1 ¶¶ 22-25.) The elements for a breach of contract claim in Colorado[1] are: (1) existence of a contract; (2) performance by plaintiff or some justification for nonperformance; (3) failure to perform contract by defendants; and (4) damages to plaintiff. *Western Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

Taking the facts pled in Plaintiff's Complaint as true, the Court finds that Plaintiff has established that Defendant breached the Agreement. Plaintiff has shown that a valid Agreement between the parties existed; that Plaintiff satisfied its obligations under the Agreement by providing the equipment; that Defendant did not make the payments required by the Agreement; and that Plaintiff suffered damages as a result of Defendant's actions. Therefore, the Court finds that Plaintiff is entitled to recover damages on its breach of contract claim.

**C. Default Judgment for Sum Certain Damages**

The Court further finds that a default judgment should be entered for the sum certain damages that Plaintiff seeks. Actual proof must support any default judgment for money damages. *See Klapprott v. U.S.*, 335 U.S. 601, 611-12 (1949). Moreover,

---

[1] The Agreement provides that it is governed by the laws of the state in which the "Branch" is located—in this case, Colorado. (ECF No. 22-5 ¶ 18.)

the amount of damages must be ascertained before a final default judgment can be entered against a party. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984) (citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 2692 at 465–66 (1983)). Here, Plaintiff has supplied an affidavit showing that it is entitled to recover $38,644.15 for missed payments on the Agreement, and has also submitted the invoices showing such missed payments. (ECF No. 22-2 ¶ 2; 22-3.) Accordingly, default judgment shall be entered for the sum certain damages described above.

Plaintiff also contends that it is entitled to interest on the judgment at the annual rate of 18%. (ECF No. 22 ¶ 4.) Plaintiff has provided evidence showing that the interest owed on the past due amounts was $8,382.00 as of August 16, 2012. (ECF No. 22-2 ¶ 2.) The Agreement provides that "[a]ll payments due under this Agreement will bear interest after the due date and until paid in full at the rate of 18% per year, both before and after default, with interest on overdue interest at the same rate." (ECF No. 22-5 ¶ 14.) Thus, the Court concludes that Plaintiff is entitled to interest on the judgment at a rate of 18% beginning August 17, 2012, plus $ 8,382.00 for interest accrued before August 17, 2012.

### D.     Attorneys' Fees and Costs

Plaintiff also seeks an award of attorneys' fees and costs. (ECF No. 22 at 2.) The Agreement provides that Defendants will indemnify Plaintiff for all expenses, including the full amount of all legal fees and costs incurred in enforcement of the Agreement. (ECF No. 22-5 ¶ 17.) Therefore, Plaintiff has shown that it is entitled to recover attorney's fees and costs. *See Allstate Ins. Co. v. Huizar*, 52 P.3d 816, 819 (Colo. 2002) (parties to a contract may agree to a fee-shifting attorneys' fees provision).

Plaintiff seeks attorney's fees in the amount of $5,687.20.  Plaintiff bases this amount on an hourly rate of $290.00 per hour for attorney Jean C. Arnold, $195.00 per hour for attorney Kelley Shirk, and $115.00 per hour for paralegal services.  (ECF No. 22-6.)  Plaintiff does not provide any information about the number of hours worked, how many hours were work by each attorney or the paralegal, or how any of these hours were spent.  (*Id.*)  Plaintiff provides no information about the background or experience of its attorneys.  (*Id.*)  Plaintiff states only that "[t]hese attorneys' fees are reasonable based on the amount of time spent in preparing and serving the parties."  (*Id.*)

Although the Agreement provides that Defendant is liable for "the full amount of legal fees", the Court has the inherent authority to reduce the amount of attorneys' fees requested if it finds such amount to be unreasonable.  *See Agritrack, Inc. v. DeJohn Housemoving, Inc.*, 25 P.3d 1187, 1192 (Colo. 2001) (awarding the prevailing party "reasonable attorney's fees" where contract allowed the prevailing party to recover "all attorney's fees, costs, and interest").  In this case, there was no substantive litigation; rather, Plaintiff filed and served its Complaint and then moved for default judgment against Defendant.  The Court finds that incurring $5,687.20 on such routine, limited tasks is plainly excessive.  Given the manner in which this case proceeded, the Court finds that a reasonable attorneys' fee is $3,500.00.

Plaintiff also seeks award of $808.82 in costs — $350.00 for the federal court filing fee, $165.00 for service of process fees, $243.02 for postage, and $50.80 for copies.  The Court finds that this amount is reasonable and that Plaintiff has established that it is entitled to recover this amount.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Default Judgment (ECF No. 22) is GRANTED;

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant K & S Erectors, Inc. in the amount of $51,334.97, plus 18% annual interest beginning August 17, 2012.

Dated this 22nd day of February, 2013.

BY THE COURT:

_____
William J. Martinez
United States District Judge